# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Olivia Burgos<br><br>*Defendant(s)* | ) | Case No.<br>2:26-MJ-116 |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 27, 2024 in the county of Lake in the Northern District of Indiana, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(a)(6) | Making a Material False Statement in the Acquisition of a Firearm |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

William Engle
*Complainant's signature*

Special Agent William Engle, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P 4.1 by email transmission and telephonic confirmation.

Date: 4/27/2026

s/John E. Martin
*Judge's signature*

City and state: Hammond, IN

Hon. John E. Martin, US Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

William Engle, Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives, being sworn, deposes and states the following:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since December of 2018. I am currently assigned to the Chicago Group IV within the Chicago Field Division and have been since July 2019. My responsibilities include, but are not limited to, the investigation of Federal firearms and narcotics trafficking and firearm and narcotics offenses, particularly those committed by criminal street gangs. I have received special training in the enforcement of laws concerning firearms trafficking, narcotics trafficking and gang activity. I have also been involved in various types of electronic surveillance, search warrants and debriefing of defendants, witnesses, and informants, as well as others who have knowledge of the trafficking of firearms and narcotics. As part of my current assignment, I have investigated criminal violations of the Gun Control Act to include Title 18, United States Code, Sections 922 and 924.

2. Your affiant states the facts which establish the probable cause necessary for issuance of the criminal complaint are either personally known to me or have been told to me directly by other law enforcement officers with

whom I have worked with on this case.

**FACTS ESTABLISHING PROBABLE CAUSE**

3. As a member of the ATF, I have been assigned to investigate violations of federal firearms laws in Chicago and the Chicagoland area. On April 25, 2026, a gunman shot and killed a Chicago Police Officer and wounded a second Chicago Police Officer.

4. A weapon was recovered and is suspected to have been used in the shooting. That firearm is a Glock 29, 10-millimeter pistol (SN: CCFG022).

5. OLIVIA BURGOS purchased this firearm on May 27, 2024, from Range USA in Merrillville, Indiana, in the Northern District of Indiana. Range USA is a Federal Firearm Licensed (FFL) firearm dealer.

6. For this firearm purchase OLIVIA BURGOS was required to complete an accompanying ATF Form 4473. This form asks multiple questions. Question 21(a) asks "Are you the actual transferee/buyer of all the firearm(s) listed on this form?"; OLIVIA BURGOS answered "Yes" to this question. Question 21(f) asks "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance?"; OLIVIA BURGOS answered "No" to this question. Question 10 on the ATF Form 4473 requires the purchaser to list their

address—OLIVIA BURGOS answered "107 Glover Ct, La Porte IN 46350".

7. On April 25, 2026, ATF Special Agent William Engle and Chicago Police Officer and ATF Task Force Officer Donald Story interviewed OLIVIA BURGOS in Harvey, Illinois.

8. OLIVIA BURGOS told ATF that she had been addicted to fentanyl since April 23, 2024, and had used the drug daily since that date. OLIVIA BURGOS acknowledged that she used fentanyl on May 27, 2024, the date that she purchased the Glock 29. OLIVIA BURGOS told ATF that she remembered question 21(f) on the ATF Form 4473 which asks, "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance?" to which OLIVIA BURGOS answered "No". OLIVIA BURGOS admitted that she lied when she answered this question "No" and should have answered the question "Yes" as she was addicted to fentanyl when she was completing the form.

9. In my training and experience, if OLIVIA BURGOS would have answered truthfully to question 21(f) concerning her being an unlawful user of, or addicted to any depressant stimulant, narcotic drug, or any other controlled substance, the FFL selling the firearm would have denied the transaction by law.

10. OLIVIA BURGOS told ATF that she purchased the Glock 29 for

her boyfriend at the time (referred to hereafter as INDIVIDUAL A). OLIVIA BURGOS believed that INDIVIDUAL A was a convicted felon who was not allowed to legally purchase or possess firearms. OLIVIA BURGOS stated that she was provided the money to purchase the firearm from INDIVIDUAL A. ATF showed OLIVIA BURGOS a copy of the ATF Form 4473 that she completed with the purchase of the firearm and drew her attention to and question 21(a) asking "Are you the actual transferee/buyer of all the firearm(s) listed on this form?" OLIVIA BURGOS admitted that she lied when she answered "Yes" and should have answered the question "No" as she was acquiring the firearm on behalf of INDIVIDUAL A. In my training and experience, if OLIVIA BURGOS had answered truthfully to question 21(a) concerning her being the actual transferee/buyer of the firearm, the FFL selling the firearm would have denied the transaction by law.

11. OLIVIA BURGOS told ATF that when she purchased the Glock 29 on May 27, 2024, although she listed on the ATF FORM 4473, question 10 that her current address was 107 Glover Ct, La Porte, Indiana 46350 that she was actually living at an address in Highland, Indiana with INDIVIDUAL A on that date. In my training and experience, if the FFL selling the firearm was aware that she provided an incorrect address on question 10 on the ATF FORM 4473, the FFL selling the firearm would have denied the transaction

by law.

## CONCLUSION

12. Based on the information contained in this Affidavit, this affiant believes there is probable cause to believe that on or about May 27, 2024, in the Northern District of Indiana, OLIVIA BURGOS violated Title 18, United States Code, Section 922(a)(6), Making a Material False Statement in the Acquisition of a Firearm.

13. This warrant is being considered electronically via telephone or other reliable electronic means, in accordance with Federal Rules of Criminal Procedure 41(d)(3) and 4.1. Furthermore, this affidavit has been electronically transmitted verbatim to the judge.

Further affiant sayeth not.

William Engle

William Engle
Special Agent, ATF

This affidavit and accompanying warrant have been transmitted to me electronically and the affiant has verbally attested to the truth and accuracy of the contents via telephone this 27th day of April 2026.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA

s/John E. Martin

John Martin
United States Magistrate Judge
Northern District of Indiana